UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABUBAKR ABDULLAH,

    Plaintiff,

       v.                                Civil Action No.  02-1642 (JDB)

ODIE WASHINGTON, et al.,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 seeking damages related to his alleged exposure to second-hand tobacco smoke while confined at the District of Columbia Department of Corrections Central Detention Facility ("D.C. Jail"). Plaintiff named as defendants in their official and individual capacities Odie Washington, Director of the D.C. Department of Corrections, James Anthony, Assistant Director of the Department of Corrections, Marvin L. Brown, Deputy Director for Operations at the D.C. Jail, and Judy Lyons, Deputy Warden for Support Services at the D.C. Jail.[1]  Because a claim against individual defendants in their official capacities is properly deemed a suit against the municipality, the Court added the District of Columbia as a defendant.  On this basis, the individual defendants have moved to dismiss the official capacity claims.  Defendants also contend that plaintiff's claim against them in their individual capacity is precluded by qualified

---

[1] The complaint also names Billy Auston, but he has not been served.

immunity.

## I.  BACKGROUND

Plaintiff was incarcerated at the D.C. Jail in January 2002.  Complaint ("Compl."), p. 5.  He filed this action in August 2002 alleging that he was exposed to high levels of environmental tobacco smoke over the preceding six months.  *Id.*  This exposure to smoke, plaintiff asserts, may imperil his physical health.  *Id.*, Attachment, p. 2.  Plaintiff filed grievances with jail personnel, but no effort was made to provide a non-smoking environment.  *Id.*  Plaintiff claims that defendants have violated his rights under the Eighth Amendment to the United States Constitution.  *Id.*  He seeks monetary and punitive damages for the alleged physical injuries he sustained due to defendants' conduct.  *Id.*

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003).  A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040.  In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations, including mixed questions of law and fact, as true and draw all reasonable inferences therefrom in the plaintiff's favor.  *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 1149 (2004); *Holy*

*Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 1218 (2004).

### III.  DISCUSSION

*Official Capacity Liability*

Government officials sued in their official capacities are not personally liable for damages.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985);  *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996).  A suit for damages  under §1983 against government employees in their official capacities is the equivalent of an action against the government entity itself, *id.,* and the claims are barred because any monetary recovery will come from the government's treasury. *Vakassian v. Washington Metro. Transit Auth.*, 2005 WL 3434794, at *4 (D.D.C. Dec. 14, 2005).  Thus, the actions against the individual employees of the District of Columbia in their official capacities will be dismissed.

*Qualified Immunity*

The individual defendants contend that the Eight Amendment claim against them should be dismissed based on qualified immunity.  "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages" if "their conduct does not violate `clearly established' statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  To determine whether the plaintiff's allegations are sufficient to defeat a qualified immunity defense, the Court must determine: (1) whether a constitutional right would have been violated on the facts alleged; and (2) assuming the violation is established, whether the right was clearly established.  *Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Therefore, as a threshold matter, the court must decide "whether

the plaintiff has asserted a violation of a constitutional right at all." *Id.* at 201.

To satisfy the first prong of this qualified immunity test, the facts alleged by the plaintiff, taken in the most favorable light, must show the government official's conduct violated a constitutional right. *Id.* The District of Columbia contends that plaintiff cannot establish that he was exposed to unreasonably high levels of second-hand smoke in violation of the Eighth Amendment. To state an Eighth Amendment claim based on exposure to environmental tobacco smoke ("ETS"), plaintiff must allege that, with deliberate indifference, defendants exposed him to levels of ETS that posed an unreasonable risk of serious damage to his future health. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Plaintiff must provide "objective" evidence of the degree of his exposure and its effect on him and "subjective" evidence of deliberate indifference by prison officials. *Id.* at 35-37. "Anecdotal accounts" of smoking at the jail are insufficient. *Scott v. District of Columbia*, 139 F.3d 940, 942 (D.C. Cir.), *cert. denied*, 525 U.S. 851 (1998). Rather, to prevail, plaintiff must provide some kind of "'scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that ... injury to [his] health'" was actually caused by exposure to ETS. *Id.* (quoting *Helling*, 509 U.S. at 36). Assuming that plaintiff could provide such evidence, the Court must assess whether society considers the risk of exposure to ETS "to be so grave that it violated contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Id.* (emphasis in original). Morever, plaintiff must prove that prison officials "knowingly and unreasonably disregard[ed] an objective intolerant risk of harm." *Scott*, 139 F.3d at 943 (quoting *Farmer v. Brennan*, 511 U.S. 825, 846 (1994)).

Plaintiff has sufficiently pled his Eighth Amendment claim. He alleges that he was subject to an intolerable level of ETS and that jail officials were deliberately indifferent to his

condition because they did not resolve the numerous grievances he filed on the issue.  Plaintiff also refers to caselaw detailing objective evidence of the potential dangers to his health due to exposure to tobacco smoke.  At this stage of the proceedings, plaintiff need not provide proof supporting his claim.  On the facts alleged, then, plaintiff has demonstrated a violation of the constitutional right not to be subject to cruel and unusual punishment.[2]

Having decided that plaintiff has alleged sufficient facts to support a constitutional claim, the Court must apply the second prong of the qualified immunity test.  To defeat this defense, the constitutional right must be clearly established, i.e., "clear to a reasonable officer that his conduct was unlawful in the situation confronted."  *Saucier*, 533 U.S. at 202.  "The contours of the right" must be sufficiently clear so that a reasonable official understands that his conduct violated an individual's rights.  *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  The Court should dismiss a claim against an individual official where he was not on notice that his conduct was unlawful.  *Briscoe v. Potter*, 355 F. Supp. 2d 30, 47 (D.D.C. 2004).

A government official is not shielded from liability, however, where he "could be expected to know that certain conduct would violate statutory or constitutional rights."  *Farmer v. Moritsugu*, 163 F.3d 610, 613 (D.C. Cir. 1998).  Since the qualified immunity analysis rests on a "reasonable person" standard, the government official's subjective good faith is not relevant.  *Harlow*, 457 U.S. at 815-18; *Fernandors v. District of Columbia*, 382 F. Supp. 2d 63, 70 (D.D.C. 2005).

In 1993, the Supreme Court concluded that a prisoner has an Eight Amendment right to

---

[2] In a prior decision in this case, Judge Kennedy ruled that the complaint sufficiently stated an Eighth Amendment claim under *Helling*.

be free from "levels of ETS that pose an unreasonable risk of serious damage to [the prisoner's] future health." *Helling*, 509 U.S. at 35.  Plaintiff alleges that defendants' conduct occurred in 2002, nine years after the Supreme Court issued the *Helling* decision.  This Court agrees with the various courts of appeals that have held that a prisoner's right to be free of excessive levels of second-hand smoke was clearly established by *Helling*.  *See, e.g., Shepherd v. Hogan*, 2006 WL 1408332, at *3 n. 3 (2nd Cir. May 18, 2006); *Atkinson v. Taylor*, 316 F.3d 257, 264 (3rd Cir. 2003); *Alvarado v. Litscher*, 267 F.3d 648, 653 (7th Cir. 2001); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Weaver v. Clarke*, 45 F.3d 1253, 1256 (8th Cir. 1995).

Plaintiff has pled facts sufficient to preclude a finding of qualified immunity at this time.  Further discovery is needed to determine whether or not the individual defendants are entitled to qualified immunity and whether plaintiff can establish the elements of an Eighth Amendment violation.  *See Crawford-El v. Britton*, 523 U.S. 574, 593 n. 14 (1998)(discovery may be necessary to resolve qualified immunity issue).  On the current record, therefore, defendants' motion to dismiss the individual capacity claim will be denied.

### III.   CONCLUSION

Based on the foregoing, defendants' motion will be granted in part and denied in part.  The claim against the individually-named defendants in their official capacities will be dismissed.  The case will proceed against the District of Columbia and the other defendants in their individual capacities.   A separate Order accompanies this Memorandum Opinion.

_____/s/_____
JOHN D. BATES
United States District Judge

DATE: July 7, 2006